No. 18,952.

BUDD HOWARD, ETC. *v.* MYRTLE K. WHITE.
(356 P. [2d] 484)

Decided November 7, 1960

Mr. JOSEPH D. NEFF, Mr. A. E. SMALL, JR., for plaintiff in error.

Mr. EDWARD J. BYRNE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

DEFENDANT in error, to whom we will refer as Myrtle, filed her complaint against Arthur Murray, Inc., and Budd Howard, by which she sought to recover the sum of $20,640.00 alleged to have been paid Howard for dancing lessons to be given by him.

Arthur Murray, Inc., was dismissed as a defendant for the reason that it was shown conclusively that

Howard and his agents were not authorized to obligate the corporation or to represent it in any manner.

The evidence shows that Myrtle paid the sum of $20,640.00 to Howard for dancing lessons to be given by him. She signed several instruments, at which time payments were made, and these instruments were signed

"Arthur Murray, Inc.,

"By......................................................

Authorized Signature"

As already seen, the purported signature of Arthur Murray, Inc., was a nullity.

The trial court found that Myrtle had used 586 hours of dancing instruction herself and that 510 hours of lessons were given to others on her order. The court held that she was obligated to pay for the instructions actually received but was entitled to a refund for all unused lessons. Upon this basis the court entered judgment in favor of Myrtle for $14,000.00 plus interest in the amount of $1,890.00, or a total sum of $15,890.00.

Howard seeking reversal by writ of error contends that as a matter of law the evidence considered in the light most favorable to Myrtle does not warrant the judgment.

We think it of importance to set forth a portion of the remarks of the trial court in its findings, as follows: "I would comment by way of introduction that there are several issues presented here. Some of the issues are pointed up and framed by the pleadings themselves; certain other issues I am not so certain are framed within the pleadings proper, but they are issues that apparently are properly before this Court inasmuch as apparently such issues, namely, those not contained themselves in the pleadings, were tried at least by the implied consent of all concerned inasmuch as, as far as I can now recall, I at no time during the course of the trial heard any objection emanating from either side to a bit of proffered evidence on the ground

that it was outside the issues as framed by the pleadings.

" * * * Complying with Rule 52(a), the Court specifically finds that there never was a contract between the plaintiff Myrtle K. White and the one and only remaining defendant, namely, Budd Howard, individually and doing business as the Arthur Murray Studios. That piece of paper which was intended to represent the contract and which came from the defendant Mr. Howard himself was an attempt — an unsuccessful one, I might add — to execute a contract between the plaintiff Myrtle K. White and Arthur Murray, Inc.

"Now, as far as I am concerned I am staking most of my ruling and my decision on that finding, simply that there was no contract between White and Howard. I believe that to be the almost inescapable conclusion which must be drawn from the evidence as I heard it at least."

We have read the record and find that there is ample evidence to sustain the conclusions of the trial court. We approve the judgment and it is accordingly affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE HALL concur.